UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:03-CR-00323-BR

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAIMON RASHAUN TEACHEY | ) | |

This matter is before the court on defendant's second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 34.) This statute permits "[a] district court . . . to reduce a previously imposed term of imprisonment 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]'" United States v. Brown, 653 F.3d 337, 339 (4th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(2)).

By way of background, in 2004 and pursuant to a plea agreement, defendant pled guilty to one count of distribution of more than five grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 924(c)(1). At sentencing, the court found defendant accountable for 15.1 grams of crack. (PSR ¶ 13.) For the drug count, the base offense level was 26. (Id. ¶ 26.) With an adjustment of responsibility, defendant's total offense level was 23. (Id. ¶ 60.) With a criminal history category of IV, (id. ¶ 29), the resulting guideline imprisonment range on the drug count was 70 to 87 months, (id. ¶ 63). At the time, the applicable statutory mandatory minimum term of imprisonment on that

count was five years.  21 U.S.C. § 841(b)(1)(B)(iii) (2002).  The court sentenced defendant to 70 months imprisonment on the drug count and 120 months on the firearm count, to be served consecutively.  Defendant did not appeal from the judgment.

In 2009, defendant filed a § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the sentencing guidelines, which reduced offense levels for crack offenses. (DE # 31.)  The court granted the motion and reduced defendant's sentence of imprisonment on the drug count to the statutory mandatory minimum term of 60 months.  (DE # 32.)  In so ruling, the court noted that amended guideline imprisonment range on that count was 60 to 71 months and had there not been the statutory mandatory minimum term, that range would have been 57 to 71 months.  (Id.)  See also U.S.S.G. § 5G1.1(c)(2) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence.").  The sentence on the firearm count was not affected by the guideline amendment and thus remained unchanged.  (DE # 32.)

With the instant motion, defendant seeks a sentence reduction based on Amendments 750 and 759 to the sentencing guidelines and the Fair Sentencing Act of 2010 ("FSA").  The FSA increased the amount of crack to trigger the statutory mandatory minimum terms of imprisonment.  See Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010).  In turn, Amendment 750 to the sentencing guidelines further lowered offense levels for crack offenses, with Amendment 759 making Amendment 750 retroactive.  See U.S.S.G. App. C (2011).  Defendant argues that with these statutory and guideline amendments, he is no longer subject to a mandatory minimum term of imprisonment, and his guideline imprisonment range on the drug count has been reduced to 37

to 46 months. (Mot., DE # 34, at 1-2.) The government opposes the motion.[1]

The extent of any relief turns on whether the statutory mandatory minimum in place at the time of defendant's sentencing applies or whether the FSA applies. Because defendant's sentencing preceded 3 August 2010, the effective date of the FSA, the FSA does not apply. See United States v. Mouzone, 687 F.3d 207, 221 (4th Cir. 2012) ("[T]he [FSA] applies retroactively only to 'offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" (quoting Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012); citing also United States v. Bullard, 645 F.3d 237, 248–49 (4th Cir. 2011))); United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010) (recognizing that on a motion for a reduction of sentence under § 3582(c)(2), "the recalculation of the guidelines and the reduction of the sentence are not considered a full resentencing by the court"). Therefore, the statutory mandatory minimum term of imprisonment remains 5 years. While application of the recent guideline amendments produces a lower range of imprisonment on the drug count, i.e., 37 to 46 months, see U.S.S.G. § 2D1.1(c)(10) (2012) (base offense level of 20 for crack quantities of between 11.2 and 16.8 grams), because of the statutory mandatory minimum, the applicable "range" is 60 months, see id. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). That "range" is exactly the reduced sentence defendant received in 2009. Accordingly, defendant's sentence of imprisonment will not be reduced further.

---

[1] In accordance with this district's practice, the Probation Office reviewed the motion and submitted to the court a proposed order recommending that the court deny the motion. The government responded to the Probation Office indicating that it agrees with the Probation Office's conclusion. The government did not file a written response to the instant motion.

Defendant's motion is DENIED.

This 12 June 2013.

                                            W. Earl Britt
                                            Senior U.S. District Judge